**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YERLI MAURICIO MONCADA LOPEZ, | No. 11-70009 |
| Petitioner, | Agency No. A088-964-256 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2015[**]

Before: FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Yerli Mauricio Moncada Lopez, a native and citizen of Honduras, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

The record does not compel the conclusion that Moncada Lopez established changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a); *see also Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997) (to reverse the agency's decision, petitioner must show that the evidence compels this conclusion).

Moncada Lopez argued to the agency that he established past persecution and a fear of future persecution from gang members on account of his political opinion and membership in a particular social group consisting of his family. Substantial evidence supports the BIA's finding that Moncada Lopez failed to establish past persecution or that it is more likely than not he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Moncada Lopez's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Moncada Lopez failed to establish it is more likely than not that he would

be tortured with the consent or acquiescence of the Honduran government if returned to Honduras. *See Garcia-Milian v. Holder,* 755 F.3d 1026, 1034 (9th Cir. 2014) (general ineffectiveness in preventing or investigating criminal activities does not raise an inference that public officials are likely to acquiesce in torture).

**PETITION FOR REVIEW DENIED.**